Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave.
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLISON L. JAVITCH, an individual | Case Number: 3:19-cv-2425-EMC |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| PEAK SIX POWER AND GAS, LLC, a limited liability company, and TRI VO, an individual, | |
| Defendants. | |

1. Plaintiff Allison L. Javitch ("Plaintiff") brings this First Amended Complaint and Demand for Jury Trial against Defendant PEAK SIX POWER AND GAS, LLC and Defendant TRI VO, (together "Defendants") to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

**NATURE OF THE ACTION**

2. Defendants sell natural gas utility services to consumers. As a part of marketing their products and services, however, Defendants and their agents placed a call to Plaintiff's cell phone that used a prerecorded voice advertisement.

FIRST AMENDED COMPLAINT                           CASE NO.: 3:19-cv-2425-EMC
Page 1

3. Defendants did not obtain consent from Plaintiff prior to calling Plaintiff's cell phone, and Defendants are therefore in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to send hundreds of advertisements to Plaintiff's cell phone without his consent.

6. By placing the call at issue, Defendants has violated Plaintiff's statutory rights.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop calling Plaintiff's cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff ALLISON L. JAVITCH is a natural person and is a citizen of the Northern District of California.

9. Defendant PEAK SIX POWER AND GAS, LLC (Defendant "PEAK 6") is a limited liability company organizing and existing under the laws of the State of Delaware with its principal place of business at 2305 E Cesar Chavez St, Austin, TX 78702-4603.

10. Defendant TRI VO is a citizen of Travis County, Texas. Defendant TRI VO is manager of Defendant PEAK 6 and is responsible allegations of Defendant PEAK 6 herein.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

12. This Court has supplemental subject matter jurisdiction over Plaintiff's California state law claim under 28 U.S.C. § 1367.

13. This Court has specific personal jurisdiction over Defendants because they conduct business in this District and in the State of California and because they intentionally directed their marketing efforts to Plaintiff in this district by calling her in this district, giving rise to this lawsuit.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred when a phone call was placed to this District.

## DEFENDANTS CALL PLAINTIFF WITHOUT CONSENT

15. On April 2, 2019 at 3:03 p.m., Plaintiff received a call from Defendants on Plaintiff's cell phone number ending in 8902.

16. The caller ID displayed the incoming number as 209-946-5059.

17. When Plaintiff answered the call, Plaintiff heard a prerecorded voice message advertising lower rates on energy and gas bills. The prerecorded message said to "press one" to learn more.

18. In order to identify the caller, Plaintiff responded to the prompts and was then connected with Defendants' live agent.

19. Defendants' agent identified itself as working for PEAK 6 and was soliciting for PEAK 6's energy services.

20. The agent then directed Plaintiff to peak6pg.com, one of the websites operated by Defendants.

**FIRST CAUSE OF ACTION**
Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

21. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

22. Defendants and/or their agents placed a telephone call to Plaintiff's cellular telephone.

23. Plaintiff never consented to receive calls from Defendants, let alone for Defendants to spam her phone with a prerecorded message. Plaintiff had no relationship with Defendants.

24. Defendants' call was made for the purpose of advertising Defendants' natural gas services.

25. Defendants played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

26. As a result of its unlawful conduct, Defendants caused damages under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in civil penalties and an injunction requiring Defendants to stop their illegal calling.

27. Not only did Defendants make this violating call, Defendants and/or their agents did so "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

28. If the court finds that Defendants willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
Violation of Cal. Civ. Code § 1770(a)(22)(A)
California Consumers Legal Remedies Act
Injunctive Relief and Damages

29. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30. Cal. Civ. Code § 1750, et seq., California's Consumer Legal Remedies Act, ("CLRA") prohibits a specific list of enumerated unfair and deceptive business practices.

31. Cal. Civ. Code § 1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, the address or the telephone number of the caller, and without first obtaining the consent of that person to listen to the prerecorded message."

32. Defendants or their agents violated Cal. Civ. Code § 1770(a)(22)(A) by playing an artificial or prerecorded voice message to Plaintiff's phone without first having a natural person request and obtain permission to do so.

33. On or about April 5, 2019, Plaintiff sent notice of the violation and demand for corrective action to PEAK 6, but PEAK 6 did not respond with any offer of correction within the 30 (thirty) day statutory time period under Cal. Civ. Code § 1782.

34. Any consumer who suffers damage under this section may bring a class action on behalf of himself and all those similarly situated.

35. Plaintiff is entitled to injunctive relief and an award of statutory and punitive damages, costs and attorney's fees.

**PRAYER FOR RELIEF**

36. WHEREFORE, Plaintiff Allison Javitch prays for the following relief:

a) An injunction requiring Defendants to cease all calls to Plaintiff;

b) An order declaring that Defendants' actions, as set out above, violate 47 U.S.C. § 227(b)(1)(A)(iii);

c) An order declaring that Defendants' violations, as set out above, were *knowing* and *willful* under 47 U.S.C. § 227(b)(3)(C).

d) An order declaring that Defendants' actions, as set out above, violate Cal. Civ. Code § 1770(a)(22)(A);

e) An award of actual and/or statutory damages and civil penalties;

f) An award of reasonable attorneys' fees and costs; and

g) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 2, 2019

Respectfully submitted,

By: /s/ Mark L. Javitch            .

Mark L. Javitch. Javitch (SBN 323729)
Attorney at Law
480 S. Ellsworth Ave
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705
*Attorney for Plaintiff*

# PROOF OF SERVICE

I, Mark L. Javitch, filed this **First Amended Complaint** in the Court's Electronic Filing System, (ECM/CF) thereby causing electronic copies to be emailed to all counsel of record as of the date of this filing, who are:

Jennifer Ann Miller
Benesch
One Montgomery Tower Suite 2700
San Francisco, CA 94104
628.600.2250
Email: jamiller@beneschlaw.com

Attorney for Defendants Peak Six Power and Gas, LLC and Tri Vo

Dated: August 2, 2019

Respectfully submitted,

By: /s/ Mark L. Javitch            .

Mark L. Javitch. Javitch (SBN 323729)
Attorney at Law
480 S. Ellsworth Ave
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705
*Attorney for Plaintiff*